EGBERT MARTIN et al. *v.* WILEY H. STEVENS et al.

1. GUARDIAN : RECEIPT OF WARD'S MONEY IN ANOTHER STATE.—If a guardian, in this state, receive money due his ward in another state, neither he nor his legal representatives, can object that he had no authority to do so, in a proceeding by the ward to hold him liable therefor ; the question of authority to receive in such case, can only be raised by the debtors in such foreign state, or by the ward himself.

2. SAME.—Whether a guardian, appointed and qualified in this state, has authority to receive and collect money due his ward in another state, or not, yet if he do collect such money, and fail to return it in his inventory, to the Probate Court, he will be responsible in a proceeding instituted against him in said court, by the ward, and will be compelled to account.

IN error from the Probate Court of Yalabusha county.    Hon. Thomas A. Cheves, judge.

The defendants in error, Wiley H. Stevens and wife, and Thomas Carrol and wife, filed their petition in the Probate Court of Yalabusha county, against the plaintiff in error, as administrator of one Joel Hill, deceased, in which they alleged that Unity Stevens, wife of Wiley H. Stephens, and Mary Ann Carroll, wife of Thomas Carroll, who are now of age, were wards of said Joel Hill in his lifetime, by virtue of his appointment as their guardian by said court.    That said Hill, whilst acting as their guardian, collected in South Carolina various sums of money, belonging to his said wards, which he failed to inventory and account for in this court. They asked that the plaintiff in error, as administrator of said Hill, be compelled to inventory and account for this sum, and for a decree against him for the amount so collected.

To this petition, the administrator of Hill demurred.    The demurrer was overruled.    He then answered, and upon final hear-

ing, the Probate Court decreed that the petitioners recover the amount claimed in their petition.

From this decree, Martin, the administrator of Hill, sued out this writ of error.

*W. Brooke,* for plaintiff in error.

This is a writ of error from the Probate Court of Yalabusha county. The plaintiffs in error are administrators of one Joel Hill, deceased, who was guardian of defendants in error. It is charged in the petition, that said Hill, as guardian as aforesaid, received certain sums of money in South Carolina, which he has failed to account for. A demurrer was pleaded, which was overruled.

The demurrer was, I think, well taken, according to the case of *Satterwhite* v. *Littlefield,* 13 S. & M. 302. An administrator is not liable as such, for money collected by him in another state, unless he brings it here and voluntarily subjects it as assets to the jurisdiction of our Probate Courts. The petition does not state that the money collected by Hill in South Carolina was ever brought by him to this state. The rule as above stated, will apply as well to guardians as administrators. The proof subsequently taken in the case does not vary it. It simply shows the collection of the money in South Carolina by an agent of Hill, and does not show that it was brought into this state. See Story, Confl. Laws, 426, § 514; 416, § 509.

*F. M. Aldridge,* for defendants in error.

Mr. Justice FISHER, delivered the opinion of the court.

The appellant's intestate, Joel Hill, while acting as guardian during his lifetime, under the appointment of the Probate Court of Yalabusha county, received through his agent certain moneys, belonging to his wards in the state of South Carolina, which money he omitted to inventory or to account for, to said court; and the question now presented for decision is, whether the appellants, as his administrators, are liable to the appellees, the wards of the deceased guardian, for the money thus collected.

It is insisted that the guardian had no authority to collect the

money due to the wards, in the State of South Carolina, and that therefore the appellees, as administrators, should not be held accountable for the same. It may be true that the guardian did more than his duty, in going beyond the limits of the state to collect the money, but his authority to receive and receipt for the same, was a question which the debtors in South Carolina, or the wards now alone, have a right to make, and not the guardian or his representatives.

The decree of the court below is affirmed.